# EXHIBIT A

# May 13, 2025 Settlement Agreement

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made this 13th day of May, 2025, by and between the individuals and entities listed in Exhibit A ("Claimants") and the United States of America ("the United States"), acting by and through Pamela J. Bondi, in her official capacity as Attorney General of the United States and Daniel P. Driscoll, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively, the "Parties"). The term "Named Claimants" shall mean: Rare Breed Triggers, LLC, also referred to as "RBT"; Rare Breed Firearms, LLC, also referred to as "RBF"; National Association for Gun Rights Inc.; Texas Gun Rights, Inc.; Patrick Carey; James Wheeler; Travis Speegle; Lawrence DeMonico; and Kevin Maxwell.

# RECITALS

**WHEREAS,** the Second Amendment to the U.S. Constitution guarantees that "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

**WHEREAS,** Congress amended the Gun Control Act of 1968 to prohibit, in most circumstances, the transfer, possession, and registration of new machineguns. 18 U.S.C. § 922(o)(1).

**WHEREAS,** The National Firearms Act of 1934 defines a "machinegun" as

> any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

1

26 U.S.C. § 5845(b).

**WHEREAS,** during the previous Administration, the ATF's Firearms Technology Criminal Branch ("FTCB") issued an "Open Letter to All Federal Firearms Licensees" advising that the ATF "recently examined devices commonly known as 'forced reset triggers' (FRTs) and has determined that *some* of them are 'firearms' and 'machineguns'" as defined by the federal law.

**WHEREAS,** against this backdrop, there is now pending a series of lawsuits described in Exhibit B (collectively, the "Litigation"), concerning the classification of FRTs and the conduct of Rare Breed Triggers LLC ("RBT"), Rare Breed Firearms LLC ("RBF"), and other Claimants.

**WHEREAS,** on February 7, 2025, President Trump issued an Executive Order titled "Protecting Second Amendment Rights." E.O. 14,206, 90 Fed. Reg. 9503 (Feb. 7, 2025). Among other things, this Order directed the Attorney General to review all actions of executive departments and agencies to assess their impact on the right to bear arms. *Id.* at Sec. 2. As part of implementing the President's Executive Order, the Attorney General on April 8 created the Second Amendment Task Force ("Task Force"), which is devoted to protecting the Second Amendment rights of all Americans. Upon review of these cases by the Task Force, the government believes that continuing the Litigation described in Exhibit B is not in the public interest.

**NOW THEREFORE,** in consideration of the Recitals and mutual promises contained herein, including the discontinuation of the pending Litigation, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

**TERMS OF AGREEMENT**

1. The Parties agree to resolve outstanding litigation as follows:

    a. Within seven days of execution of this agreement, the parties will jointly move to dismiss with prejudice *United States v. Miscellaneous Firearms and Related Parts and Equipment Listed in Exhibit A,* No. 23-cv-17 (D. Utah), under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

    b. Within seven days of execution of this agreement, the United States will file a stipulation of dismissal in No. 23-cv-369 (E.D.N.Y) with prejudice under Federal Rule of Civil Procedure 41(a), and within 2 business days of the above dismissal Appellants-Defendants, the Rare Breed Parties (RBT, RBF, DeMonico, and Maxwell) will dismiss their pending appeal in *United States v. Rare Breed Triggers LLC*, No. 23-cv-369 (E.D.N.Y), on appeal 23-7276 (2d Cir.) under Federal Rule of Appellate Procedure 42(b)(2) as moot.

    c. Within seven days of execution of this agreement, the United States will dismiss their pending appeal in *NAGR v. Bondi*, 23-cv-830-O (N.D. Tex.), on appeal 24-10707 (5th Cir.) under Federal Rule of Appellate Procedure 42(b)(2).

2. The Parties agree that, for purposes of litigation described in Exhibit B, each side shall bear its own costs and not seek attorneys' fees.

3. The United States agrees, to the extent practicable, to return FRTs (as defined in paragraph 11, below) that it has seized or taken as a result of a voluntary surrender. Such returns must be requested by individual owners by September 30, 2025, consistent with the instructions provided on ATF's public website. With respect to FRTs seized or surrendered in connection with the litigation described in Exhibit B, the return of the FRTs shall be in full settlement and

satisfaction of all claims to the FRTs and all claims and causes of action that could result from the FRTs' seizure and inclusion in the litigation described in Exhibit B. This paragraph does not apply to FRTs that are evidence in criminal investigations or prosecutions or are subject to forfeiture pursuant to 27 C.F.R. § 478.152.

4. The United States agrees to the prompt return of all bonds posted related to the litigations described in Exhibit B.

5. Each Named Claimant agrees to hold harmless and fully and finally release the United States, and all of its agencies, including, but not limited to, ATF, the United States Marshals Service, and any other involved federal, state and local authorities, and their agencies, agents, officers, employees and servants from any claims (whether known or unknown, including claims for attorney's fees and costs, interest, and expenses of every kind and however denominated) that Named Claimants or that Named Claimants' heirs, successors, transferees, or assignees have asserted, could have asserted, or may assert in the future against the United States, any of the above departments, or their agencies, agents, officers, and employees related to the seizure of the FRTs and the United States' investigation and inclusion of the FRTs in the Litigation described in Exhibit B.

6. Named Claimants waive all rights to file claims—constitutional, statutory, or otherwise—with respect to the seizure of the FRTs including any claim that the officers who seized the FRTs lacked probable cause for such seizure.

7. RBT, RBF, Mr. DeMonico, and Mr. Maxwell agree that they will not develop or design FRTs for use in any handgun. Handgun is defined, for the purposes of this agreement, as a firearm whose magazine loads into the trigger-hand grip.

8. RBT, RBF, Mr. DeMonico, and Mr. Maxwell will not market, advertise, or encourage individuals to put FRT triggers on any handgun.

9. RBT, RBF, Mr. DeMonico, and Mr. Maxwell agree to take all reasonable efforts to engage in patent enforcement seeking prohibitory injunctions against any person or entity that manufacturers, sells, or distributes any FRT during the life of U.S. Patent No. 10,514,223 patent, provided RBT, Mr. DeMonico, and Mr. Maxwell have a good faith argument that the device is within the scope of the patent. The United States will not bear litigation costs of any patent enforcement actions.

10. ATF agrees to process RBF's Federal Firearms License and will not deny the license based on the interpretation of FRTs being machineguns or the possession, sale, transfer, transport or manufacturing of FRTs.

11. The United States agrees not to enforce 18 U.S.C. § 922(o) and the requirements of the National Firearms Act, Gun Control Act of 1968 as amended by the Hughes Amendment to the 1986 Firearm Owners Protection Act, or any similar statute or agency interpretation of 26 U.S.C. § 5845(b) under which an FRT is contended to be a "machinegun" or otherwise unlawful against any person or organization for possessing or transferring FRTs under the following two conditions:

    a. The FRTs have the mode of operation described in the District Court's opinion in *NAGR v. Garland*, 741 F. Supp. 3d 568, 580 (N.D. Tex. 2024), as follows: (1) the FRT is forcibly reset to its forward reset state after each round fired; (2) the FRT is locked mechanically in its reset state preventing the trigger from moving until the firearm is safe to fire; (3) the hammer must be released from its sear surface for every round fired; (4) the trigger in an FRT-equipped firearm must reset after every round fired; and (5) preventing the reset will cause the weapon to malfunction.

5

  b. The FRTs are not designed for use in and used in handguns as defined above.

12. The United States agrees to hold harmless and fully and finally release the Claimants, all of their/its members, agents, officers, employees, transferees, assigns, designees and servants from any claims that the United States could have asserted, against the Claimants, their/its members, agents, officers, employees, transferees, assigns, designees, servants, or any of them, related to the manufacture, possession, sale, or ownership of any FRTs described in the preceding paragraph.

13. Each Named Claimant agrees to hold harmless and fully and finally release the United States, its agencies, components, agents, employees and former employees, both in their official and their individual capacities, and the United States from any and all claims, demands, and causes of actions of every kind, nature or description, whether for monetary or equitable relief, and whether currently known or unknown, that such Named Claimant may have had, may now have, or may hereafter have arising out of or in connection with actions or events related to the Litigation described in Exhibit B.

14. The United States agrees to consider filing statements in support of RBT's civil actions for injunctions against patent violators detailing the public interest to be served by the injunctions.

15. RBT agrees to promote the safe and responsible use of its devices including by displaying such material on its website and other online platforms.

16. Nothing in this Agreement is intended to create rights enforceable by persons other than Named Claimants as plaintiffs in civil litigation.

17. Nothing in this Agreement is intended to release or otherwise affect any claim or potential claim against any person who is a defendant in either Case No. 2022-CA-001715 or Case

No. 2022-CA-000533 in the Circuit Court the 18th Judicial Circuit, in and for Seminole County, Florida.

18. This Agreement is governed by the laws of the United States. The exclusive venue for any dispute relating to this Agreement is the United States District Court for the Northern District of Texas. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

19. The Parties hereby warrant and represent that the terms of this agreement have been completely read, fully understood, and voluntarily accepted following opportunity for review by legal counsel of their choice. The Parties further warrant and represent that they are satisfied with their counsel, if any.

20. This written agreement constitutes the entire agreement between the Parties, and supersedes and replaces all prior negotiations and agreements, whether written or oral, regarding the litigation described in Exhibit B and any claim Claimants may have in such litigation.

21. No modification of this agreement is effective unless in writing and signed by all Parties.

22. All signatories represent that they have authority to enter into this Agreement on behalf of their respective clients.

23. This Agreement may be executed in counterparts.

**IN WITNESS WHEREOF,** this Agreement is executed as of the date and year first indicated above.

ON BEHALF OF CLAIMANTS

*[signature]*
Kevin Maxwell
Manager and Owner
Rare Breed Triggers, LLC

*[signature]*
Lawrence DeMonico
President, Rare Breed Firearms, LLC

_____
Hannah Hill
Vice President, National Association for Gun Rights Inc.

_____
Chris McNutt
President, Texas Gun Rights, Inc.

_____
Jonathan M. Shaw
Counsel for Patrick Carey

_____
Jonathan M. Shaw
Counsel for James Wheeler

_____
Jonathan M. Shaw
Counsel for Travis Speegle

*[signature]*
Lawrence DeMonico

*[signature]*
Kevin C. Maxwell

8

ON BEHALF OF CLAIMANTS

_____
Kevin Maxwell
Manager and Owner
Rare Breed Triggers, LLC


_____
Lawrence DeMonico
President, Rare Breed Firearms, LLC

_____*signature*_____
Hannah Hill
Vice President, National Association for Gun Rights Inc.


_____
Chris McNutt
President, Texas Gun Rights, Inc.

_____*signature*_____
Jonathan M. Shaw
Counsel for Patrick Carey

_____*signature*_____
Jonathan M. Shaw
Counsel for James Wheeler

_____*signature*_____
Jonathan M. Shaw
Counsel for Travis Speegle


_____
Lawrence DeMonico


_____
Kevin C. Maxwell

8

ON BEHALF OF CLAIMANTS

_____
Kevin Maxwell
Manager and Owner
Rare Breed Triggers, LLC


_____
Lawrence DeMonico
President, Rare Breed Firearms, LLC


_____
Hannah Hill
Vice President, National Association for Gun Rights Inc.

*/s/ Chris McNutt*
_____
Chris McNutt
President, Texas Gun Rights, Inc.


_____
Jonathan M. Shaw
Counsel for Patrick Carey


_____
Jonathan M. Shaw
Counsel for James Wheeler


_____
Jonathan M. Shaw
Counsel for Travis Speegle


_____
Lawrence DeMonico


_____
Kevin C. Maxwell

8

ON BEHALF OF THE UNITED STATES OF AMERICA

_____
Yaakov M. Roth
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice


_____
Robert J. Leider
Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives
U.S. Department of Justice

ON BEHALF OF THE UNITED STATES OF AMERICA

---

Yaakov M. Roth
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

*/s/ Robert Leider*

---

Robert J. Leider
Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives
U.S. Department of Justice

## **EXHIBIT A**

For purposes of this Settlement Agreement, "Claimants" refers to the following organizations (including their members) and individuals, their subsidiaries, affiliates, successors, officers, and employees:

1. Rare Breed Triggers, LLC, also referred to as "RBT"
2. Rare Breed Firearms, LLC, also referred to as "RBF"
3. National Association for Gun Rights Inc.
4. Texas Gun Rights, Inc.
5. Patrick Carey
6. James Wheeler
7. Travis Speegle
8. Lawrence DeMonico
9. Kevin Maxwell

## **EXHIBIT B**

For purposes of this Settlement Agreement, "Litigation" refers to the following cases and their appeals:

1. *NAGR v. Bondi*, 23-cv-830-O (N.D. Tex.), on appeal 24-10707 (5th Cir.).

2. *United States v. Rare Breed Triggers LLC*, No. 23-cv-369 (E.D.N.Y), on appeal 23-7276 (2d Cir.).

3. *United States v. Miscellaneous Firearms and Related Parts and Equipment Listed in Exhibit A,* No. 23-cv-17 (D. Utah).