# Exhibit 21

## DECLARATION OF ILLINOIS STATE POLICE DIRECTOR BRENDAN F. KELLY

Pursuant to 28 U.S.C. § 1746, I, Director Brendan F. Kelly, hereby declare as follows:

1. I am a resident of Illinois. I am over the age of 18. If called as a witness, I could and would testify competently to the matters set forth below.

2. I am the Director of the Illinois State Police ("ISP"), a position I have held since 2019.

3. As Director, I have personal knowledge of the matters set forth below or have knowledge of the matters based on my review of information and records gathered by members of my staff.

### ISP's Firearm Responsibilities

4. ISP is a multifaceted police agency which specializes in enforcing the laws, protecting the public, and providing an array of specialty services to local, state and federal agencies. The most significant responsibility of ISP is the safety of citizens through law enforcement, patrol, investigations, forensic services, safety education, intelligence and technical assistance.

5. ISP has a Firearm Services Bureau which determines the eligibility of applicants who wish to acquire, possess, transfer and/or legally carry firearms. That Bureau also administers the Firearms Transfer Inquiry Program, whereby federally licensed gun dealers are authorized to perform checks on potential buyers at the point of purchase.

6. ISP has authored a Strategic Plan for FY2023-2025. The first goal of that plan is to reduce the occurrence of violent crime, including gun violence on the interstate highways, through

intelligence-led patrols and investigation. As part of this goal, ISP is committed to removing illegally possessed firearms and firearm-related instruments from the public.

7. Gun violence is a significant challenge for Illinois. In 2023, the Illinois State Police investigated a total of 105 firearm-related deaths and 159 firearm-related injuries and seized 1,673 firearms used in crimes. In 2024, the Illinois State Police investigated 101 firearm-arm related deaths and 126 firearm-related injuries and seized 1,419 firearms used in crimes. Therefore, addressing gun violence is a priority for ISP.

### Illinois Law Regarding FRTs and Prohibited Possessors

8. Illinois law bans forced-reset triggers (FRTs).

9. Under federal law, it is unlawful for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year (along with other enumerated factors) to "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S. Code § 922(g). Similarly, Illinois also prohibits possession of firearms by those with certain types of criminal convictions. *E.g.*, 720 ILCS 5/24-1.1(a) ("it is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business . . . any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction").

### The Risks of FRT Returns

10. I understand that the United States recently entered into a settlement agreement in which it promised to return all FRTs in its possession to any owner to the extent practicable— including those who may not lawfully possess firearms given their prior felony convictions under

federal law, and even in States that prohibit FRTs or FRT-equipped firearms—and obligated the United States not to enforce against anyone any statute or agency interpretation under which an FRT is "contended to be" a machinegun under the National Firearms Act in perpetuity. I also understand, based on a declaration filed by the ATF in the aforementioned matter, that as of August 1, 2024, ATF had in its possession 11,884 FRTs.

11. I anticipate that if ATF proceeds with executing the promised returns, the number of FRTs and FRT-equipped firearms in Illinois, and the use of such FRTs, will increase, resulting from direct returns to individuals residing in Illinois, sales of FRTs returned to distributors and resellers that then sell the FRTs into Illinois, and returns to individuals in other States who either bring their FRTs into our State or transfer the FRTs in their possession to individuals residing in our State.

12. Interstate trafficking of firearms and related devices, even when banned under Illinois law, is a common problem that law enforcement in Illinois routinely confronts. Law enforcement routinely recovers firearms and related devices that are banned within Illinois, including weapons that are used for criminal purposes. Pursuant to the ATF's website, in 2023 ATF identified the source state for 17,808 firearms recovered in Illinois; only 9,147 of these firearms were traced back to a source in Illinois, meaning almost half of all firearms ATF traced in Illinois originated from an out-of-state source.

13. Firearms or firearm-related devices that are prohibited in Illinois are recovered regularly in the State. For example, pursuant to the ATF's website, 392 machinegun conversion devices and 129 machineguns were recovered in Illinois in 2023.

14. I anticipate that the widescale distribution of FRTs will likely lead to their increased use, including in criminal incidents, in Illinois.

## Costs of Enforcing Laws Against Forced Reset Triggers

15. As a result of the increase in FRTs within its borders described above, Illinois will have to divert greater law enforcement resources to enforce Illinois' own ban on FRTs.

16. In addition, the federal government's settlement agreement to return all FRTs in its possession to any owner to the extent practicable—including those who may not lawfully possess firearms given their prior felony convictions under federal law—will also contravene state law prohibiting firearm possession by those with certain criminal convictions. 720 ILCS 5/24-1.1(a). Enforcing these state laws against individuals being returned FRTs who are prohibited from possessing them will also result in increased state law enforcement costs.

17. In all, we anticipate greater law enforcement costs as a result of the federal government lifting the nationwide ban on FRTs.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of June 2025, in Sangamon County, Illinois.

*Brendan F. Kelly* (signature)

Brendan F. Kelly, Director

Illinois State Police

4