# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF NEW JERSEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>Defendants. | Case No. 1:25-CV-1807-PX |

### DECLARATION OF MATTHEW P. VARISCO

1. I am the Assistant Director for the Office of Field Operations within the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), United States Department of Justice ("DOJ"). I have been in this position since March 2024. Prior to my current position, I was the Assistant Director for the Office of Enforcement Programs and Services (Regulatory Operations), the Special Agent in Charge of the Philadelphia Field Division, and I have served as an ATF Special Agent for over 24 years.

2. In my current senior executive position, I direct policy, conduct planning, and oversee all ATF criminal investigations and regulatory oversight for ATF's 25 field divisions.

3. I am authorized to provide this Declaration on ATF's behalf and am providing it in support of Defendants' Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction. This declaration is based on my personal knowledge and belief, my training and experience, as well as information conveyed to me by ATF personnel in the course of my official duties.

1

4. On July 23, 2024, the United States District Court for the Northern District of Texas in *NAGR v. Bondi*, 4:23-cv-830, declared ATF's determination that FRT-15s and Wide Open Triggers (WOTs) are machineguns "unlawful" and ordered the agency to, among other things, "return to all parties … all FRTs and FRT components confiscated or seized pursuant to their unlawful classification." 7/23/24 Memorandum Opinion and Order, ECF No. 100, at 63.

5. On August 1, 2024, Defendants in *NAGR* filed a Motion to Stay the Judgment Pending Appeal, ECF No. 104, explaining, among other things, that the Court's return requirement "presents multiple compliance problems," ECF No. 105 at 2, particularly as to identifying claimed members of the Organizational Plaintiffs.

6. On August 20, 2024, in response to concerns raised in the *NAGR* Defendants' Motion to Stay, *see* ECF No. 104, the Court issued an Order granting Defendants an additional six months to comply with the affirmative obligation regarding the return of FRT-15s and WOTs. *See* ECF No. 112.

7. To comply with the Court's Orders, all ATF Field Divisions conducted a physical inventory of FRT-15s and WOTs in their possession. A physical inventory was necessary because ATF's case management systems did not have an "FRT" option when describing the devices upon entry into these systems, as such they were inconsistently labeled. For example, FRT-15s and WOTs could be labeled as "FRTs," "MCDs," or "accessories".

8. Next the field divisions determined which FRT-15s and WOTs in its physical inventory were seized as part of a criminal investigation with charges other than possession of FRT-15s and WOTs in suspected violation of 18 U.S.C. § 922(o) and which devices were seized as part of a recall/abandonment. The former category of devices could include those seized during criminal investigations into individuals prohibited from possessing firearms under 18 U.S.C. §

2

922(g) or criminal investigations in which FRT-15s and WOTs were used in the commission of criminal activity. Devices associated with criminal cases were not eligible for return.

9. For each FRT-15/WOT in ATF custody, the field divisions also provided the possessor's name; last known address; phone number; email address (if known); case number; date of seizure; and item number. The field divisions then sent this information to ATF's Office of Chief Counsel, which consolidated the information into one spreadsheet. This spreadsheet was used to notify FRT-15/WOT owners of the *NAGR* Court's order regarding the return of their devices.

10. After updating the spreadsheet as necessary, ATF will use that information to notify FRT-15/WOT owners regarding the potential return of their devices pursuant to the May 13, 2025 Settlement Agreement.

11. One of two notices will be sent to the owners via U.S. mail. The first notice will be sent to owners in states where the possession of FRTs is legal. This notice directs owners to contact a specific email address in the field division in which they reside to make arrangements with the closest field office to facilitate the transfer.

12. The second notice will be sent to owners in states where the possession of FRTs is illegal. ATF will not return FRT-15s/WOTs in states where possession is illegal under state law. ATF understands that FRTs are unlawful to possess in the following: Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Maryland, Massachusetts, Michigan, Minnesota, Nevada, New Jersey, New York, Oregon, Rhode Island, Virginia and Washington. Owners in these states will be given three options: 1) Request that ATF transfer the device to them in a state where it is legal to possess. Such transfer would take place by shipping or in person; 2) Request that ATF transfer the device to a third party in a state where it is legal to possess. ATF would transfer the device to your designated third party out of state; or 3)

       Withdraw your request for the return and abandon the device to ATF. ATF would then destroy the abandoned property without compensation and in accordance with federal law. The notice warns owners that they may not bring the device into a jurisdiction prohibiting forced reset triggers or trigger activating devices and doing so could subject them to state prosecution.

13. FRT-15s/WOTs will not be returned to individuals prohibited by law from possessing firearms. A National Instant Criminal Background Check System (NICS) check will be conducted on every individual requesting the return of an FRT-15/WOT. The transfer will not take place if a "deny" response is received from NICS.

Executed on June 26, 2025.

 

_____
Matthew P. Varisco
Assistant Director

4